UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BENNIE SCHUCK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:22-cv-01653-SEB-CSW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Order Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Order, the motion of Bennie Schuck for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. Factual Background**

In September 2019, Mr. Schuck was indicted on two counts of sexual exploitation of a child or attempted sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a) and (e) and one count of distribution and receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (Count 3). *United States v. Schuck*, 1:19-cv-299-SEB-TAB-2 (Cr. Dkt.), dkt. 22. In October 2020, Mr. Schuck entered into a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(B). Cr. Dkt. 130. Under the plea agreement, the government agreed to recommend a sentence of 60 years imprisonment and Mr. Schuck acknowledged he could not be sentenced to a term of less than 180 months. *Id.* at 7 ¶ 10(A), (B). The plea hearing was held on December 2, 2020. Cr. Dkt. 147.

The sentencing hearing was held on May 4, 2021. Cr. Dkt. 222. Mr. Schuck was sentenced to a total of 540 months' imprisonment. Cr. Dkt. 225. Judgment was entered on May 11, 2021. *Id.* Mr. Schuck did not appeal.

On July 27, 2022, more than one year and two months after judgment was entered, Schuck filed a motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. 1.

## II. Discussion

The United States seeks dismissal of Mr. Schuk's § 2255 motion arguing, among other things, that it is untimely. The Anti-Terrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). The limitations period is triggered by the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Under § 2255(f)(1), the limitation period begins to run on "the date on which the judgment of conviction [became] final." A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States*, 537 U.S. 522, 527 (2003). A defendant has 14 days after entry of judgment to file a notice of appeal. Fed. R. App. P. 4(b)(1).

2

Mr. Schuck's judgment was entered on May 11, 2021. His conviction therefore became final on the last day he could have filed an appeal, May 25, 2021. *See* Rule 4(b)(1)(A). The last day he could have filed a timely § 2255 motion was one year later, May 25, 2022. His motion, signed on July 27, 2022, is too late under § 2255(f)(1).[1]

In its Order Directing Further Proceedings, the Court directed Mr. Schuck to address the timeliness of his motion. Dkt. 2. In response, Mr. Schuck asserts that his deadline to file was not until September 2021. Dkt. 3. He explains that he had 14 days to perfect an appeal, plus an additional 90 days to seek *certiorari* from the United States Supreme Court, followed by the one-year limitations period under § 2255(f). *Id.* at 2-3. But because he did not appeal, he did not have the right to seek certiorari and therefore did not have 90 days to do so. *See Williams v. United States*, 2014 WL 2439637, at *2 (S.D. Ind. May 30, 2014).

Equitable tolling may apply if a petitioner was diligent in pursuing his claims and "some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "'Extraordinary circumstances' are present only when an 'external obstacle' beyond the party's control 'stood in [its] way' and caused the delay." *Lombardo v. United States*, 860 F.3d 547, 552 (7th Cir. 2017) (quoting *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016)); *see also Perry v. Brown*, 950 F.3d 410, 412 (7th Cir. 2020) (there must be "some 'extraordinary circumstance', beyond the applicant's control, that prevents timely filing; simple legal errors, such as ignorance of the federal deadline, do not suffice"). But Mr. Schuck does not argue that he is entitled to equitable tolling.[2] Instead, his response to the Court's Order demonstrates that he is simply mistaken about how the one-year limitations period is calculated.

---

[1] Mr. Schuck does not argue, and the Court does not discern, that any of the other limitations periods under § 2255(f) apply here.
[2] Mr. Schuck makes reference to a previous draft of his petition which was not saved because of an attack by another prisoner, but he does not argue that this attack caused him to miss his deadline. Dkt. 3 at 3.

3

His "misunderstanding of the time he had to file his § 2255 motion, while unfortunate, was not beyond his control." *See Lewis*, 2021 WL 1634778, at *3. A petitioner's "mistaken understanding about the deadline for filing is not grounds for equitable tolling." *Id.* (quoting *Robinson*, 416 F.3d at 650 n.1).

For these reasons, the Court concludes that equitable tolling cannot excuse the belated filing of Mr. Schuck's § 2255 motion, and that the motion to dismiss must be **granted**.

## IV. Conclusion

For the reasons explained in this Order, Bennie Schuck is not entitled to relief on his § 2255 motion. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Order in No. 1:19-cr-299-SEB-TAB-2.** The motion to vacate, Cr. Dkt.[252], shall also be **terminated** in the underlying criminal action.

## V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Schuck has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: __4/22/2025__

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

4

Distribution:

BENNIE SCHUCK
17181-028
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Kristina Marie Korobov
kristina.korobov@usdoj.gov

Meredith Wood
DOJ-USAO
meredith.wood@usdoj.gov